**UNITED STATES of America,**
**Appellee,**

v.

**Brian BYRD, Defendant–Appellant.**

**No. 05–6888–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 26, 2006.

Gary Muldoon, Muldoon & Getz, Rochester, NY, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney, Western District of New York, Buffalo, NY, for Appellee.

Present: ROSEMARY S. POOLER, ROBERT A. KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Brian Byrd appeals a judgment of conviction of possession of a firearm after having been convicted of an offence carrying a sentence of more than one year in prison. *See* 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues, and hold as follows.

■ The trial court did not abuse its discretion by excluding testimony from Byrd's probation officer concerning statements that Byrd made. The testimony was hearsay because it was offered to prove the matter asserted in Byrd's out-of-court statements. Contrary to Byrd's argument, Federal Rule of Evidence 801(d)(1) does not apply. Byrd did not testify at trial, a pre-condition for the application of Rule 801(d)(1), and his statement to police cannot be considered prior consistent testimony because it was unsworn, not subject to cross-examination, and, indeed, not consistent with the statements purportedly made to the probation officer. We further reject Byrd's argument that the court denied him the right to present a defense by excluding the probation officer's testimony. While it is true that the defendant's right to present a defense may sometimes outweigh the hear-

say rule, *see Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), this is true only when the proffered hearsay bears indicia of reliability, *see id.* at 300–01, 93 S.Ct. 1038. Byrd points to no indicia of reliability approximating those found in *Chambers. See id.* Furthermore, the excluded testimony was immaterial and therefore could not be considered "critical to [Byrd's] defense." *Id.* at 302, 93 S.Ct. 1038.

 We have examined each of the instances that Byrd claims as examples of prosecutorial misconduct. Some of these instances involved questions that violated evidentiary rules, e.g. asking leading questions, but did not constitute misconduct. The others, although arguably or undoubtedly improper, either (1) resulted in testimony that did not harm the defendant or (2) were not allowed by the court. The court also gave the jury curative instructions as to both of the most serious incidents. While we do not condone the questions suggesting that the defendant was involved in the drug trade and that he was a member of a gang, questions are not evidence. Further, the testifying witness denied that defendant was a matter of a gang, and the court did not allow testimony on whether the defendant's alleged residence was a drug house. We therefore conclude that a new trial is not required. *See United States v. Shareef,* 190 F.3d 71, 78 (2d Cir.1999) (holding that in determining whether a new trial is required, the court must look to the severity of the misconduct, the measures the district court took to counteract it, and the certainty the defendant would have been convicted absent the misconduct).

 Defendant has not established that "credit[ing] every inference that the jury may have drawn in favor of the government," no rational trier of fact "could have found the essential elements of the crime beyond a reasonable doubt." *United*

States v. Finley, 245 F.3d 199, 202–03 (2d Cir.2001) (internal quotation marks omitted). Although the chief witness against Byrd had serious credibility problems, the jury was free to accept his explanations for prior inconsistent statements. Further, additional evidence—including Byrd's own statement and phone calls—implicated him in the charged crime.

 To the extent Byrd argues that his conviction is against the weight of the evidence, his challenge lacks merit because "[o]nly exceptional circumstances warrant a district court's intruding on the jury function of credibility assessment," *United States v. Canova,* 412 F.3d 331, 349 (2d Cir.2005) (internal quotation marks omitted), and Byrd identifies no such circumstances.

We therefore affirm the judgment of conviction.